Thomas McQUISTON, Libelant-Appellant,

v.

FREIGHTERS AND TANKERS STEAMSHIP COMPANY, Respondent-Appellee.

No. 20695.

United States Court of Appeals Fifth Circuit.

Feb. 17, 1964.

Arthur Cobb, Baton Rouge, La., for appellant.

Leon Sarpy, Paul A. Nalty, and Chaffe, McCall, Phillips, Burke, Toler & Hopkins, New Orleans, La., for appellee.

Before BROWN and WISDOM, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an appeal from the action of the district court in granting the steamship company's motion for a summary judgment upon libelant-appellant's action in admiralty for personal injuries sustained while a longshoreman in the employ of Roger Shipping and Terminal Company and working aboard the respondent-appellee's vessel as a "grain loader or shoveler." The injuries complained of are alleged to have occurred as a result of the steamship company's failure to provide a seaworthy vessel, seaworthy appurtenances, and by the negligence of the Master, officers and crew of the S/S NORTH MONARCH. Specifically, the libelant-appellant claimed the company was negligent and the ship unseaworthy by furnishing him with a shovel for trimming the grain which was of too great a capacity and which, because of its capacity, caused a strain or wrenching of his back.

The motion for summary judgment was submitted by the steamship company with the testimony of the libelant-appellant, taken by deposition, filed in support thereof. After hearing arguments of counsel, the trial court granted libelant-appellant two weeks within which to file countervailing affidavits or other evidence to demonstrate some dispute in the material facts. Counter-affidavits were filed; however, nothing was presented that even indicated defective or improper equipment. The most that can be found in the record, in this connection, is that some of the shovels were larger than others. The trial court granted the motion and dismissed the case.[1]

In the absence of any indication that there was some defective or improper equipment chargeable to the shipowner which caused the injury, there was nothing before the trial court that could sustain a finding of disputed material facts as to seaworthiness, seaworthy appurtenances or negligence of the Master, officers and crew. It was proper, therefore, for the District Court to conclude as a matter of law that the steamship company was entitled to a summary judgment. Arena v. Luckenbach Steamship Company, 1 Cir., 279 F.2d 186, cert. denied 364 U.S. 895, 81 S.Ct. 222, 5 L.Ed.2d 189.

The libelant-appellant's reliance upon the recent Supreme Court case of Gutierrez v. Waterman S.S. Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297, is misplaced. The holding in that case that the vessel was unseaworthy from the shipowner's allowing beans to be unloaded in defective bags when it knew or should have known that injury was likely to result, cannot be used as a basis for a holding that the misuse of a shovel renders the ship unseaworthy, or constitutes unseaworthy appurtenances, or amounts to negligence of the owners.

The judgment of the District Court is Affirmed.

---

1. McQuiston v. Freighters and Tankers Steamship Co., D.C., 217 F.Supp. 701.