**Gestan BOWSER, Plaintiff-Appellant,**
**v.**
**LLOYD BRASILEIRO STEAMSHIP COMPANY, Defendant-Third-Party Plaintiff-Appellee,**
**v.**
**ATLANTIC & GULF STEVEDORES, INC., Third-Party Defendant.**
**No. 27315**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1969.

Chester A. Eggleston, Salvador E. Gutierrez, Jr., Salvich, Eggleston & Gutierrez, New Orleans, La., for plaintiff-appellant.

Frank C. Allen, Jr., New Orleans, La., for defendant.

Ralph E. Smith, Deutsch, Kerrigan & Stiles, New Orleans, La., for Lloyd Brasileiro Steamship Co., appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The longshoreman appeals from the unsuccessful result of his claim against the shipowner, sounding in unseaworthiness and negligence, for injuries suffered while working aboard ship as a stevedore.[1]

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (Part I) (5th Cir. 1969).

Appellant was engaged in loading a cargo of filled drums. While lifting a drum, or standing it on end, he slipped and suffered a sacroiliac sprain. The sole basis of appellant's claim is that there was oil on the deck which caused or contributed to his slipping. The burden of proving unseaworthiness or negligence was upon appellant. McQuiston v. Freighters & Tankers Steamship Co., 327 F.2d 746 (5th Cir. 1964). He failed to discharge that burden. Appellant urges that the shipowner's witnesses had no personal knowledge, or insufficient knowledge, of whether oil was on the deck. But the trial judge was not willing to accept as credible the testimony of appellant and his one supporting witness, which meant that appellant failed to put before the court the proof required of him. Credibility choices are for the trial court.

The decision of the District Court must be, and it is, affirmed.

1. The District Court also found for the shipowner on its cross-claim against the stevedoring company for breach of workmanlike performance.